1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE WISE, individually and on behalf of all others similarly situated

                Plaintiff,

   v.

RING LLC, a Delaware limited liability company,

                Defendant.

No.   2:20-cv-1298

NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Ring LLC ("Ring"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes to the United States District Court for the Western District of Washington at Seattle the action captioned *Michelle Wise v. Ring LLC*, currently pending in the Superior Court for the State of Washington in and for the County of King as Case No. 20-2-11887-7 SEA.  In support of removal, Ring states as follows:

      1.      On July 29, 2020, Plaintiff Michelle Wise ("Plaintiff") filed a putative Class Action Complaint alleging that Ring violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, in connection with its "Video Doorbells" and "Stick-Up Cams" (collectively, "Ring Cameras"), which customers purchase and place outside their homes for remote communication and security purposes.  (Compl. ¶ 2.) (A copy of the Complaint and Summons

NOTICE OF REMOVAL- 1
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

served on Ring is attached hereto as **Exhibit A**.)

2. Ring was served on August 12, 2020. (*Id.*) Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3. Removal to this Court is proper because the United States District Court for the Western District of Washington at Seattle is the district and division embracing the Superior Court for the State of Washington in and for the County of King. 28 U.S.C. § 128(b).

4. In her Complaint, Plaintiff alleges that Ring Cameras "allow[] homeowners to automatically receive alerts and high definition, live-video footage of visitors at their home," that "[u]sers . . . have the option to store and save video footage of their visitors," and that Plaintiff "visited several homes in Illinois at which a Ring Camera was installed and . . . has appeared in the video footage taken by the Ring Cameras." (Compl. ¶¶ 2, 26.) Plaintiff further alleges (but Ring does not concede) that Ring "uses that footage to bolster Ring's facial recognition technology," and that Ring "captured her biometric data by allowing its facial recognition software to scan her facial features, including the contours of her face, and the distances between her eyes, nose, and ears." (*Id.* at ¶¶ 4, 26.)

5. Based on these allegations, Plaintiff claims that Ring "collect[s], stor[es], and us[es] – without providing notice, obtaining informed written consent, or publishing data retention policies – the biometrics of millions of unwitting individuals whose faces appear in video footage captured by Ring Cameras and stored by Ring," in alleged violation of 740 ILCS 14/15(a) and 740 ILCS 14/15(b). (*Id.* at ¶¶ 8–9.) Plaintiff concedes that Ring notified and obtained consent from Ring customers, but claims that she and other non-customers did not receive notice or provide consent. (*See id.* at ¶¶ 5, 21, 28–29.)

6. Plaintiff seeks to represent a putative class comprised of "[a]ll Illinois residents who had their biometric identifiers, including scans of their facial geometry, collected, captured,

NOTICE OF REMOVAL- 2
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

received, or otherwise obtained by Ring from videos or other visual media captured by a Ring Camera." (*Id.* at ¶ 32.) Plaintiff excludes from the proposed class "any Illinois resident who has purchased a Ring Camera." (*Id.*)

7. On behalf of herself and the putative class, Plaintiff seeks: (1) injunctive relief in the form of an order "requiring Ring to comply with the BIPA's requirements for the collection, storage, and use" of biometrics; (2) "statutory damages for each intentional and reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages pursuant to 740 ILCS 14/20(1) if the Court finds that Ring's violations were negligent"; and (3) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)." (*Id.* at ¶ 45.)

8. This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Minimal diversity exists, and the amount in controversy exceeds $5,000,000.

I. **Removal Is Proper Under The Class Action Fairness Act ("CAFA").**

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

A. **This Matter is a "Class Action" Under CAFA.**

10. Plaintiff purports to represent a "class" of individuals pursuant to CR 23. (Compl. ¶¶ 32–36.) Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

11. The putative class action described in the Complaint satisfies the requirements of

NOTICE OF REMOVAL- 3
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

CAFA.  While the precise number of individuals in the class cannot be determined until discovery, Plaintiff alleges that "the number of persons within the Class includes essentially all individuals who have passed by any home with a Ring Camera," and that Ring collects "the biometrics of millions of . . . individuals whose faces appear in video footage captured by Ring Cameras and stored by Ring."  (Compl. ¶¶ 8, 33).

### B. Minimal Diversity Exists.

12. Plaintiff is a "resident and citizen of Vernon Hills, Illinois."  (*Id.* at ¶ 13.)

13. Ring is a Delaware limited liability corporation.  A limited liability company is a citizen of every state in which a member resides.  *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).  Ring's members are Antonio Masone, a Washington citizen, Jamie Siminoff, a California citizen, and Michael Deal, a Washington citizen.  Thus, Ring is a citizen of Washington and California for purposes of minimal diversity.

14. Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).  *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc*., 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

### C. The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.

15. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

16. Ring's burden to demonstrate the amount in controversy is low and "may rely on reasonable assumptions."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

NOTICE OF REMOVAL- 4
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

17. Ring denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

18. Plaintiff alleges "intentional and reckless" violations of BIPA, (Compl. ¶ 45), which carry statutory damages of $5,000 "per violation." 740 ILCS 14/20. Plaintiff also alleges two separate BIPA "violations" in Count I: violation of BIPA Sections 15(a) and (b). (Compl. ¶¶ 41–43.) Thus, based purely on the Complaint's allegations (which Ring denies), and assuming an aggregate class size of only 1,000 (a fraction of the alleged "millions of . . . individuals whose faces appear in video footage captured by Ring Cameras,") (Compl. ¶ 8), if each class member is entitled to recover for two "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 1,000 class members x $5,000 statutory damages x 2 violations = $10,000,000).[1] *See Arias*, 936 F.3d at 925 (9th Cir. 2019) ("[I]n assessing the amount in controversy, a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'. . . . An assumption may be reasonable if it is founded on the allegations of the complaint.")

## II. Article III Standing Exists In This Court.

19. Standing exists in this case under Article III of the U.S. Constitution. *First*, Plaintiff alleges that "Ring has created, collected, and stored millions of 'face templates'" "without providing notice, obtaining informed written consent, or publishing data retention policies." (Compl. ¶¶ 8–9.) The Ninth Circuit has held that the statutory provisions at issue in BIPA are

---

[1] Ring includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct.

NOTICE OF REMOVAL- 5
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

established to protect an individual's concrete interests in privacy and "that the development of a face template using facial-recognition technology without consent (as alleged here) invades an individual's private affairs and concrete interests." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1273-74 (9th Cir. 2019), cert. denied, 140 S. Ct. 937, 205 L. Ed. 2d 524 (2020).

20.     *Second*, in *Patel v. Facebook*, "Facebook's relevant conduct, according to the complaint, [was] the collection, use, and storage of biometric identifiers without a written release, in violation of section 15(b), and the failure to maintain a retention schedule or guidelines for destroying biometric identifiers, in violation of section 15(a)." *Id.* at 1274.  The Ninth Circuit held plaintiffs had "alleged a concrete and particularized harm, sufficient to confer Article III standing." *Id.* at 1275.

21.     Likewise, Plaintiff alleges that in "direct violation of each of the foregoing provisions of § 15(a) and§ 15(b) of the BIPA, Ring is actively collecting, storing, and using – without providing notice, obtaining informed written consent, or publishing data retention policies – the biometrics of millions of unwitting individuals whose faces appear in video footage captured by Ring Cameras and stored by Ring." (Compl. ¶ 8.)

22.     Pursuant to 28 U.S.C. § 1446(d), Ring promptly will provide written notice of removal of this action to Plaintiff and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of Washington in and for the County of King.

23.     Ring submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pleads claims upon which relief can be granted.

NOTICE OF REMOVAL- 6
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1     DATED this 28th day of August, 2020.

2

3                               DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Ring LLC

4                               By */s/ Jaime Drozd Allen*
                                  Jaime Drozd Allen, WSBA # 35742

5

6                               By */s/ David Maas*
                                  David Maas, WSBA # 50694

7
                                  920 Fifth Avenue, Suite 3300
8                                   Seattle, WA  98104-1610
                                  Telephone: (206) 757-8039
9                                   Fax: (206) 757-7039
                                  E-mail: JaimeDrozdAllen@dwt.com
10                                         DavidMaas@dwt.com

11                               MORGAN LEWIS & BOCKIUS
Attorneys for Defendant Ring LLC

12

13                               By */s/ Elizabeth Herrington*
                                  Elizabeth B. Herrington, ISBA #6244547
14                                   (admission *pro hac vice* pending)
                                  77 West Wacker Drive, Suite 500
15                                   Chicago, IL 60601-5094
                                  Telephone: (312) 324-1188
16                                   E-mail: beth.herrington@morganlewis.com

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL- 7
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF System, and served the below Counsel of Record via electronic mail:

| | |
|---|---|
| Beth E. Terrell | Natalie F. Finkelman |
| Adrienne D. McEntee | Jayne A. Goldstein |
| Benjamin M. Drachler | James C. Shah |
| TERRELL MARSHALL LAW GROUP PLLC | SHEPHERD, FINKELMAN, MILLER & SHAH LLP |
| 936 North 34th Street, Suite 300 | 1845 Walnut Street, Suite 806 |
| Seattle, Washington 98103-8869 | Philadelphia, Pennsylvania 19103 |
| Tel. 206.816.6603 | Tel. 877.891.9880 |
| bterrell@terrellmarshall.com | nfinkelman@ sfmslaw.com |
| amcentee@terrellmarshall.com | jgoldstein@ sfmslaw.com |
| bdrachler@terrellmarshall.com | jshah@sfmslaw.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

Katrina Carroll
Kyle A. Shamberg
CARLSON LYNCH, LLP
111 W. Wacker Drive, Suite 1240
Chicago, Illinois 60602
Tel. 312.750.1265
kcarroll@carlsonlynch.com
kshamberg@carlsonlynch.com

*Counsel for Plaintiff*


                        */s/ Jaime Drozd Allen*
                        Jaime Drozd Allen

NOTICE OF REMOVAL- 8
4823-0658-7593v.1 0051461-003260

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax