THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE WISE, *individually and on behalf of all others similarly situated*,<br><br>          Plaintiff,<br>     v.<br><br>RING LLC,<br><br>          Defendant. | CASE NO. C20-1298-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's first amended complaint ("FAC") and to strike class allegations (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.      BACKGROUND

Defendant Ring LLC ("Ring") is a subsidiary of Amazon; it develops and sells video doorbells and "stick up cams" (collectively "Ring cameras") to homeowners.[1] (Dkt. No. 21 at 2.) Ring cameras placed inside and outside the home can record live HD video and enable two-way communication between the homeowners and visitors. (*Id.*) Users also have the option to store and save video footage taken by video doorbells, which record when the doorbell detects motion

---

[1] The Court accepts Plaintiff's account of the facts in the case for the present purposes.

Case 2:20-cv-01298-JCC   Document 43   Filed 08/03/22   Page 2 of 6

or when visitors press the doorbell. (*Id.*) In 2018, Ring filed patent application material for a facial recognition system that would allow law enforcement and homeowners to upload photos of individuals to be matched against the faces of people walking by Ring Cameras. (*Id.*)

On October 16, 2020, Plaintiff filed the FAC, alleging violations of Sections 15(a) and 15(b) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). (*See id.* at 1, 18–21.) The FAC alleges that Ring violated the BIPA by collecting, storing, and using Plaintiff's and other similarly-situated individuals' biometric identifiers and biometric information without informed written consent. (*Id.*)

The BIPA provides robust protections for the biometric information of Illinois residents. *See* 740 ILCS 14/1 *et seq*. It protects individuals' biometric information, which is "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* § 14/10. A biometric identifier is a personal feature that is unique to an individual, such as a "retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry" *Id.* Collectively, biometric identifiers and information are referred to as "biometrics."

Section 15(a) requires that a private entity in possession of a biometric identifier or biometric information "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers" and adhere to that policy. 740 ILCS 14/15(a). Section 15(b) prohibits private entities from collecting, capturing, or otherwise obtaining an individual's biometric identifiers or biometric information without first informing them in writing. *Id.* § 14/15(b). Private entities are further prohibited from collecting and storing a person's biometric data unless he or she first executes a written release. *Id.* § 14/15(b)(3).

Here, the relevant biometric identifiers are face templates. Face geometries are determined by facial points and counters, creating a resulting face template which could ostensibly be compared against other identified face templates to identify an individual. (Dkt. No. 21 at 7.)

ORDER
C20-1298-JCC
PAGE - 2

Plaintiff asserts that Ring has used video footage collected from the Ring Cameras to improve its facial recognition technology, which it stores in an unencrypted format and allows staff around the world to process. (Dkt. No. 34 at 10.) Further, according to Plaintiff, Ring has created millions of face templates from Illinois residents whose faces were captured by Ring Cameras without obtaining the required consent. (*Id.*)

Plaintiff alleges that these actions violate Sections 15(a) and (b) of the BIPA, and proposes the following putative class, which expressly excludes any Illinois resident who has purchased a Ring Camera:

> All Illinois residents who had their biometric identifiers, including scans of their facial geometry, collected, captured, received, or otherwise obtained by Ring from videos or other visual media captured by a Ring Camera.

(Dkt. No. 21 at 15.)

Ring moves to dismiss the FAC under Rule 12(b)(6), arguing Plaintiff fails to state a claim under BIPA because she does not allege any "biometric data" collected, captured, or possessed by Ring can be used to identify her. (*See* Dkt. No. 33.) In the alternative, Ring argues the class allegations should be stricken. (*Id.* at 6.)

## II.     DISCUSSION

### A.     Motion to Dismiss

#### 1.     Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When reviewing a Rule 12(b)(6) motion, the Court accepts factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmovant. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

### 2. The FAC Plausibly Alleges BIPA Violations

Ring argues, based on the class of bystanders with no contractual relationship to Ring, that the alleged face templates are not biometrics because "[a] mere 'scan of hand or face geometry'" absent identifying information such as a name, address, or phone number tying that geometry to a person "does not implicate the risks the Illinois Legislature sought to mitigate." (Dkt. No. 33 at 10.) Ring points out that generally, a Plaintiff has a relationship with the company it is suing for violations of BIPA, which means the company could ostensibly access their name, address, or contact information. (*Id.* citing *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1268 (9th Cir. 2019) (affirming class certification of Facebook users who uploaded photos to Facebook).)

Courts are divided on the viability of BIPA claims to classes of nonusers. *See, e.g.*, *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, slip op. at 1 (N.D. Ill. 2017) (allowing putative BIPA class action to proceed to discovery); *Flores v. Motorola Sols., Inc.*, 2021 WL 232627, slip op. at 3 (N.D. Ill. 2021) (declining to adopt Defendant's argument that Section 15(b) applies only where an entity has some relationship with the individual on a motion to dismiss); *Zellmer v. Facebook*, *Inc.*, 2022 WL 976981 slip op. at 3 (N.D. Cal. 2022) (granting summary judgment against Plaintiff on his 15(b) claim due to the implausibility of interpreting the Act to require notice to unknown nonusers).

In its notice of supplemental authority (Dkt. No. 41), Ring directs the Court to *Zellmer v. Facebook, Inc.*, which addressed a similar class of individuals to the one proposed by Plaintiff. *See* 2022 WL 976981 at 3. The *Zellmer* court concluded that the Illinois legislature had "clearly contemplated that BIPA would apply in situations where a business had at least some measure of knowing contact with and awareness of the people subject to biometric data collection." *Id.* at 3. Thus, while Facebook was required to comply with the notice and consent requirements of Section 15(b) for its known users, Plaintiff Zellmer and the putative class presented no reasonable way for Facebook to notify and receive consent from all nonusers whose faces may be scanned in photos uploaded to its website. *Id.* at 3–4. It thus granted summary judgment on Zellmer's Section 15(b)

claim to Facebook, allowing only the 15(a) claim regarding Facebook's written data retention policies to proceed to trial. *Id.* at 5. But the court emphasized that its conclusion was "made on the basis of the specific record before it, and may not apply in other circumstances." (*Id.*)

Ring's argument, if adopted, asks for a similar result. But here, unlike in *Zellmer*, Plaintiff alleges that Ring is collecting face geometry from photos, processing these images for a facial recognition database "with the ultimate goal of identifying people who can be 'tagged' as safe or potentially suspicious visitors." (Dkt. No. 34 at 7.) Plaintiff believes Ring's patent applications describe a system capable of immediately identifying individuals. (*Id.* at 11.) Further, due to the need to comply with more stringent privacy regulations in the European Union, "and because Ring has exclusive custody and control of the information about the visitors to homes with the Camera, Plaintiff believes that Ring has the capacity to identify these visitors, including Plaintiff and Class members." (*Id.*) The complaint further alleges that Ring partners with law enforcement agencies to semi-automatically identify individuals based on face recognition. (*Id.* at 13.) These allegations, if true, establish a means through which certain individuals are readily known to Ring.

On a motion to dismiss, the Court cannot determine whether Ring has the capacity to identify Plaintiff, or how far it has endeavored towards realizing the systems and technologies described by Plaintiff and in patents. Taking all factual allegations as true, as the Court must, Plaintiff has sufficiently pleaded to Ring notice of the claims against them. *Vasquez*, 487 F.3d at 1249.

**B.     Motion To Strike Class Allegations is Premature**

Ring argues that "at a minimum the Court should strike all class allegations" in the FAC because the class is unknowable. (Dkt. No. 33 at 6.) But, while some courts have held that Rule 12(f) provides a means of striking class allegations, *see, e.g.*, *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 991 (N.D. Cal. 2009), they are in the minority within the Ninth Circuit, *see, e.g.*, *Mattson v. New Penn Fin., LLC*, 2018 WL 6735088, slip. op. at 2 (D. Or. 2018) (gathering Ninth opinions), *report and recommendation adopted*, 2019 WL 123870 (D. Or. 2019). And Defendant

ORDER
C20-1298-JCC
PAGE - 5

provides this Court with an inadequate rationale to stray from that norm in this instance. Given that some of the information necessary to support the class, as proposed, lies solely within Defendant's control, Plaintiff should be afforded the discovery necessary to fully develop her class allegations. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985).

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's first amended complaint and to strike class allegations (Dkt. No. 33) is DENIED.

DATED this 3rd day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE